**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**PORT OF SOUTH LOUISIANA**                                    **CIVIL ACTION**


**VERSUS**                                                                       **NO. 11-3065**


**TRI-PARISH INDUSTRIES, INC., ET AL.**                **SECTION "H"(4)**


## ORDER & REASONS

Before the Court are a Motion to Dismiss Case or Motion for More Definite Statement by Charles L. Augustine and Tri-Parish Industries, Inc. (Doc. 4) and a Motion to Dismiss, or in the alternative, Motion for More Definite Statement by Tri-Parish Barge, Inc. (Doc. 6).  For the reasons stated below, these Motions are **DENIED.**

## BACKGROUND

Plaintiff filed the Complaint in this case on December 14, 2011, alleging damages for removal of a sunken vessel in the Mississippi River.  (Doc. 1.)  Plaintiff operates a port along the Mississippi River and expropriated land on the river bank that Defendant Tri-Parish Industries owned.  This expropriation was part of Plaintiff's expansion of its finger pier to serve vessels on the

river.  Plaintiff alleges that in the spring of 2011, its contractor discovered multiple underwater objects that were obstructing navigation of the river and prevented completion of the finger pier project.  The largest of these objects was the sunken vessel, the CAPTAIN FRANKS.  Plaintiff alleges that Defendants owned and controlled this vessel prior to its sinking, and that Defendants' negligence was responsible for the sinking.  Plaintiff incurred the cost of removing the vessel and suffered damages from the delay of the finger pier project.

Augustine and Tri-Parish Industries filed their Motion to Dismiss or Motion for More Definite Statement on January 17, 2012.  (Doc. 4.)  Tri-Parish Barge filed a similar motion on January 26, 2012.  (Doc. 6.)  Plaintiff filed its Opposition to those motions on February 7, 2012. (Doc. 8.)  The Court took the Motions under submission on February 15, 2012.

## LAW & ANALYSIS

Defendants urge the Court to dismiss Plaintiff's Complaint for failure to state a claim. Alternatively, Defendants ask the Court to order Plaintiff to provide a more definite statement of its allegations.  For the reasons stated below, the Motions are denied.

### I.    Defendants' Rule 12(b)(6) Motions to Dismiss

Defendants' motions to dismiss for failure to state a claim are denied.  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is "plausible on its face" when the pleaded facts allow

2

the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Defendants' Motions are denied. Rule 8 requires a pleading to contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2011). As the Supreme Court explained in *Iqbal,* "[t]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." *Iqbal,* 129 S.Ct. At 1949.

The plaintiff in this case has met Rule 8's liberal pleading standard. The Complaint does not make bald accusations but rather points to specific alleged acts of Defendants, namely the sinking of the CAPTAIN FRANKS, that led to the lawsuit. Defendants' argument that Plaintiff has failed to

state a claim that Tri-Parish Industries and Tri-Parish barge are alter egos of Augustine fails. The Complaint does not simply make a legal conclusion that the corporate veil should be pierced. Rather, Plaintiff alleges that Augustine is an officer and majority shareholder of these two entities, and that the entities have not followed Louisiana's corporate formalities. Making all reasonable inferences in favor of Plaintiff, a reasonable expectation arises that discovery will reveal evidence that these entities are alter-egos of Augustine. *Lormand*, 565 F.3d at 255–57.

Defendants' argument that Plaintiff has failed to state a claim that Defendants are required to remove the vessel similarly fails. Defendants argue that Plaintiff's assertion that they owned the vessel prior to its sinking is a "patently false allegation;" however, for purposes of a motion to dismiss, the Court must accept all factual allegations as true. Accordingly, for purposes of this motion, the Court assumes that Defendants own and control the vessel. Plaintiff's allegations that Defendants' negligence led to the vessel obstructing the river are therefore sufficient to survive a motion to dismiss.

## II. *Defendants' Rule 12(e) Motions for a More Definite Statement*

Alternatively, Defendants ask the Court to order Plaintiff to provide a more definite statement of its allegations. These Motions are also denied.

As an alternative to dismissing the claim, a court may order the plaintiff to provide a more definite statement. Courts should grant these motions when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e)(2011). Given the liberal

4

pleading standard of Rule 8, however, Rule 12(e) motions are disfavored. *Reedom v. Jones,* No. 10-375, 2010 WL 4875636, *1 (E.D.La. Nov. 22, 2010). The district court has considerable discretion when deciding whether to grant a Rule 12(e) motion. *Id.* Accordingly, the Court denies this request. The allegations in this case are not "vague and ambiguous." They are more than clear enough to allow Defendants to prepare a response.

New Orleans, Louisiana, this 2nd day of May, 2012.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE